1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    FINLEY B. FULTZ,                          No.  2:21-cv-01254-CKD P

12                    Petitioner,

13         v.                                   ORDER TO SHOW CAUSE

14    STATE OF CALIFORNIA,

15                    Respondent.

16

17         Petitioner is a state pretrial detainee who is proceeding pro se in this habeas corpus action

18   filed pursuant to 28 U.S.C.§ 2254.  In his habeas application, petitioner challenges his ongoing

19   custody following the dismissal of criminal charges against him on December 20, 2018 by the

20   Nevada County Superior Court.  Petitioner further indicates that there is a pending criminal

21   appeal of his case in the California Court of Appeal.  ECF No. 1 at 4.

22         Petitioner is advised that federal courts cannot interfere with pending state criminal

23   proceedings absent extraordinary circumstances which create a threat of irreparable injury.

24   Younger v. Harris, 401 U.S. 37, 45-46 (1971).  Abstention is required when: (1) state

25   proceedings, judicial in nature, are pending; (2) the state proceedings involve important state

26   interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional

27   issues.  Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982);

28   Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994); Kenneally v. Lungren,

1

1   967 F.2d 329, 331–32 (9th Cir. 1992).  If all three of these factors are met, the federal court must

2   abstain from ruling on the issues and dismiss the federal action without prejudice, unless there are

3   extraordinary or special circumstances which pose an immediate threat of irreparable injury.  See

4   Kenneally, 967 F.2d at 331; Perez v. Ledesma, 401 U.S. 82, 85 (1971) (limiting "extraordinary

5   circumstances" to those cases involving harassment by state officials, prosecutions undertaken "in

6   bad faith that have no hope of obtaining a valid conviction," or where "irreparable injury can be

7   shown.").  In light of the Younger abstention doctrine, petitioner will be required to show cause

8   within 21 days from the date of this order why federal court intervention in his pending state

9   criminal prosecution is appropriate.

10       Accordingly, IT IS HEREBY ORDERED that:

11      1.   Petitioner's motion to proceed in forma pauperis (ECF No. 6) is granted.

12      2.   Within 21 days from the date of this order, petitioner is directed to show cause why

13         this case should not be summarily dismissed based on the Younger abstention

14         doctrine.

15      3.   Petitioner's failure to respond to this court order will result in a recommendation that

16         this case be dismissed.

17   Dated:  April 5, 2022

18

19                   CAROLYN K. DELANEY
                       UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25   12/fult1254.osc.summ.dismiss.docx

26

27

28

2