UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINLEY B. FULTZ, | No. 2:21-cv-01254-CKD P |
| Petitioner, | |
| v. | ORDER AND |
| STATE OF CALIFORNIA, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner is a state pretrial detainee proceeding pro se and in forma pauperis in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. On April 5, 2022, this court ordered petitioner to show cause why federal court intervention in his pending state criminal prosecution is appropriate. ECF No. 7 (citing Younger v. Harris, 401 U.S. 37, 45-46 (1971). Petitioner filed a response to the show cause order that was docketed on April 14, 2022. ECF No. 8. The court has also received petitioner's supplemental response to the show cause order. ECF No. 9. For the reasons explained below, the undersigned recommends summarily dismissing petitioner's federal habeas application based on the Younger abstention doctrine.

**I.      Factual and Procedural History**

In his habeas application, petitioner indicates that he was charged with "special circumstance felony homicide" in the Nevada County Superior Court. ECF No. 1 at 7. This charge was dismissed by the trial court on December 20, 2018. The government appealed the

1

1  dismissal to the California Court of Appeal which stayed all proceedings in the Nevada County
2  Superior Court.  See ECF No. 8 at 7.  As a result of the stay, petitioner remained in custody
3  during the pendency of the appeal.
4      His habeas petition challenges his ongoing confinement and raises three claims for relief.
5  First, petitioner contends that "California state law creates a liberty interest in [his] release from
6  custody pending appeal of [the] dismissal by [the] government."  ECF No. 1 at 5.  Next, petitioner
7  asserts that his continued custody violates both state and federal speedy trial guarantees.  ECF No.
8  1 at 5.  Last, petitioner raises a due process and equal protection challenge to his continued
9  confinement.  Id.
10     In his response to the court's show cause order, petitioner requests that the court construe
11 his habeas application as one filed pursuant to 28 U.S.C. § 2241 because there is no state court
12 criminal judgment against him.  ECF No. 8; see also 28 U.S.C. § 2254(a).  He further maintains
13 that the relief he requests will not have any effect on the ongoing state criminal proceedings
14 because he is just seeking release from custody pending retrial.  ECF No. 8 at 4.
15     Attached to petitioner's response is a portion of the docket from the state's appeal to the
16 California Court of Appeal.  ECF No. 8 at 7-11.  The docket reflects that on July 23, 2021, the
17 California Court of Appeal modified its stay of proceedings to allow the Nevada County Superior
18 Court "to conduct any proceeding pertinent to petitioner's custody status, including consideration
19 of whether to release or revoke any release of petitioner (either on his own recognizance or on
20 bail subject to any restrictions or conditions) during the pendency of this appeal."  ECF No. 8 at
21 10.  On September 23, 2021, the California Court of Appeal reversed the order dismissing the
22 criminal charges against petitioner and remanded the case to the Nevada County Superior Court
23 for further proceedings.  ECF No. 8 at 11.  A review of the docket of the Nevada County Superior
24 Court indicates that a bail review ruling was issued by the trial court on December 3, 2021.[1]  See
25 People v. Fultz, Case Number F16-000256B, available at https://tinyurl.com/466ptvmv.
26
27 [1] The court may properly take judicial notice of state court dockets, including those found on the internet.  Porter v. Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010) (footnote and citations omitted);
28 Fed. R. Evid. 201(b)(2).

2

## II.     Legal Standards

Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury.[2]  Younger v. Harris, 401 U.S. 37, 45-46 (1971).  Younger abstention applies to three categories of state actions: 1) ongoing state criminal prosecutions; 2) certain civil enforcement proceedings; and, 3) "civil proceedings involving certain orders…uniquely in furtherance of the state courts' ability to perform their judicial functions."  Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 78 (2013) (citations omitted).  Younger applies equally to state court appellate and trial proceedings.  Huffman v. Pursue, Ltd., 420 U.S. 592, 608-09 (1975).  In these types of cases, the federal court must abstain from ruling on the issues and dismiss the federal action without prejudice, unless there are extraordinary or special circumstances which pose an immediate threat of irreparable injury.  See Perez v. Ledesma, 401 U.S. 82, 85 (1971) (limiting "extraordinary circumstances" to those cases involving harassment by state officials, prosecutions undertaken "in bad faith that have no hope of obtaining a valid conviction," or where "irreparable injury can be shown.").  Irreparable injury does not exist in such situations if the threat to plaintiff's federally protected rights may be eliminated by his defense of the criminal case.  Moreover, even irreparable injury is insufficient to enjoin a state criminal prosecution unless it is "both great and immediate."  Fenner v. Boykin, 271 U.S. 240, 243-44 (1926).

"The Younger doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws."  Miofsky v. Superior Court, 703 F.2d 332, 336 (9th Cir. 1983).  In practical terms, the Younger doctrine means that "'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'"  Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.) (quoting Drury

---

[2] The abstention doctrine applies regardless of whether petitioner seeks habeas relief via 28 U.S.C. § 2254 or 28 U.S.C. § 2241.  See Bean v. Matteucci, 986 F.3d 1128 (9th Cir. 2021) (applying the Younger abstention doctrine to a 2241 petition filed by a state pretrial detainee and reversing the denial of the petition based on extraordinary circumstances involving the forcible medication of the petitioner to restore his competency to stand trial).  Therefore, the court does not deem it necessary to decide which one is the correct procedural vehicle in this case.

3

v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972)).

### III. Analysis

Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. The court has conducted that review.

In this case, petitioner has not demonstrated that this is an extraordinary case justifying an exception to the Younger abstention rule. First, it is apparent from the face of the petition that state criminal proceedings were ongoing when petitioner filed the 28 U.S.C. § 2254 petition. See Beltran v. State of California, 871 F.2d 777, 782 (9th Cir. 1988) (stating that for purposes of Younger abstention analysis, the pendency of state proceedings is determined "at the time the federal action was filed"). At the time that the instant habeas application was filed, there was a pending appeal of the dismissal of the criminal charge against petitioner. Since that time, the California Court of Appeal reversed the dismissal and remanded the matter to the Nevada County Superior Court where the matter remains pending. Secondly, the ongoing state proceedings involve an important state interest. Indeed, the criminal charge against petitioner is a homicide charge which is the most serious felony offense. Lastly, the ongoing state proceedings provide petitioner the opportunity to raise his bail request. Indeed, the court's review of the docket indicates that petitioner's bail request has been ruled on by the trial court. For these reasons, the court will recommend that petitioner's petition for writ of habeas corpus be summarily dismissed without prejudice based on the Younger abstention doctrine.

### IV. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing the response to the show cause order, the undersigned has concluded that your federal habeas petition should be dismissed without prejudice based on your pending state criminal proceedings.

If you disagree with this result, you have 14 days to explain to the court why it is wrong. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."

The district court judge assigned to your case will review them and render the final decision.

Accordingly, IT IS HERBY ORDERED that the Clerk of Court randomly assign this matter to a district court judge.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be summarily dismissed without prejudice based on the Younger abstention doctrine; and
2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 15, 2022

_CAROLYN K. DELANEY_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/fult1254.summ.dismiss.docx